## HOFFMAN *vs.* BARTHELMESS.

M. had wrongful possession of a watch belonging to H. B., a detective, telegraphed to H. that he could recover the property for $50.00. She replied that she would send the money. In the meantime M. sent the watch by express to H. B. arrested M., and by imprisonment caused him to have the watch returned before delivery by the express company:

*Held*, that possession so obtained was illegal, and a lien for services did not attach to the property.

Lien. Officer. Possession. Before Judge FLEMING. Chatham Superior Court. May Term, 1879.

Reported in the decision.

A. P. & S. B. ADAMS, for plaintiff in error.

R. R. RICHARDS ; J. R. SAUSSY, for defendant.

WARNER, Chief Justice.

On the 30th of July, 1878, Lucy M. Hoffman, as plaintiff, sued out a possessory warrant against George S. Barthelmess, defendant, under provisions of section 4032 of the Code, to recover the possession of a certain described gold watch and chain and trinkets attached thereto. On the hearing

of the case before the justice who issued the warrant, he awarded the possession of the property to the plaintiff, upon her giving bond in terms of the law; whereupon the defendant sued out a *certiorari*, and brought the case into the superior court, on the hearing of which upon the amended answer of the justice, the court sustained the *certiorari*, and decided that the defendant was entitled to the possession of the property until the plaintiff in the possessory warrant paid him fifty dollars for services which he claimed; whereupon the plaintiff in the possessory warrant excepted.

It appears from the evidence in the record that the watch and chain, etc., were the property of the plaintiff, and were taken from her possession in Charleston, South Carolina, by one Mathews, on the 18th of July, 1878, and carried by him to Savannah. On the 26th of July, the defendant, who was a detective, voluntarily wrote a letter to the plaintiff at Charleston, in which he stated that Mathews was in Savannah, and had a gold, watch and chain, etc., which he was informed were her property; also "do you want him arrested and if possible the property secured, if so dispatch me at once; will cost you $50.00, or one-half of the property recovered, as you may prefer. It will be sufficient to say 'arrest and detain him,' and write in full afterwards." On the 27th of July the plaintiff sent the following telegram to the defendant: "Money will be sent on Monday." It also appears from the receipt of the Southern Express Company, and other evidence, that Mathews had sent the watch and chain, etc., by express to the plaintiff at Charleston on that same day, the 27th, and they would have been delivered to the plaintiff in Charleston on Monday the 29th if they had not been recalled; the 28th being Sunday, no freight was delivered on that day; they reached Charleston on the night of the 27th. On the 28th defendant arrested Mathews and demanded of him the watch and chain, who then showed him the express receipt; defendant told him that was not satisfactory, and took him to the barracks, and

he was locked up; defendant was not a county officer, and had no warrant to arrest Mathews. Defendant testified that he then went to the express office and ascertained that the watch and chain could be returned on Mathews' order, if they had not been delivered to the plaintiff in Charleston; he then returned to the barracks and told Mathews there was but one way for him to get his reward, and that would be to get possession of the property, that if the plaintiff got possession of the property he would never get it. Mathews then gave defendant an order for the return of the property, and asked him to release him; defendant told him that he would have to keep him in confinement until late in the evening; defendant then gave the order from Mathews for the return of the property to Mr. Adams, the express-man, and requested him to have the property returned to him, the defendant, and it was returned by express and delivered to him, the defendant, and Mathews was released from imprisonment.

This is a brief statement from the voluminous record before us as to the means employed by the defendant to obtain the possession of the property in controversy, and the question is, whether the defendant was entitled to retain the possession of the property thus obtained as against the plaintiff in the possessory warrant until his claim for services was paid?

Assuming that the defendant would have had a valid lien upon the property in his possession for services rendered, if that possession had been lawfully obtained, yet in this case his possession of the property as against the plaintiff, was not lawfully obtained, and therefore he had no possession of the property on which his lien for the services claimed by him could be based. The property had been shipped and consigned to the plaintiff by Mathews before the defendant had arrested him, and plaintiff would have received it but for the manipulating process of the defendant with Mathews in arresting and imprisoning him without any legal authority, and thus procuring an order from

him for the return of the property so as to enable him, the defendant, to get it into his possession, which he had never had before. Possession of property obtained in that way, is not the kind of possession upon which a lien can be asserted for services claimed to be due in obtaining that possession as against the plaintiff's right of possession, in view of the facts disclosed by the record in this case. The sustaining the *certiorari* and reversing the judgment of the justice was error.

Let the judgment of the court below be reversed.